**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 03-1498

ONSY ZAKHARY and FADIA SADEK,
a/k/a FADI ZAKHARY, MONA LABIB,

Petitioners,

v.

JOHN ASHCROFT, ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent.

---

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

---

Before

Torruella, Circuit Judge,
Coffin, Senior Circuit Judge,
and Lynch, Circuit Judge.

---

Saher Joseph Macarius, was on brief, for petitioners.
John M. McAdams, Jr., Attorney, Office of Immigration
Litigation, Civil Division, with whom Peter D. Keisler, Assistant
Attorney General, Civil Division, and Douglas E. Ginsburg, Senior
Litigation Counsel, were on brief, for respondent.

---

May 26, 2004

---

**PER CURIAM.** Petitioner Onsy Zakhary[1] seeks review of the Board of Immigration Appeals's ("BIA") order affirming the denial of his application for asylum, withholding of removal and relief under the Convention Against Torture. We affirm.

## I.

Petitioner, a native and citizen of Egypt, was a resident of Italy when he entered this country at Boston, Massachusetts, on February 12, 1998, as a nonimmigrant visitor with authorization to remain in the United States for a temporary period ending February 12, 1999. On October 18, 1999, the Immigration and Naturalization Service ("INS") commenced removal proceedings against petitioner by filing a Notice to Appear in immigration court. He was charged with being removable under 8 U.S.C. § 1227(a)(1)(B), as an alien who, after admission to the United States as a nonimmigrant, remained in the United States longer than permitted.

At the hearing before the Immigration Judge ("IJ") the petitioner, through counsel, admitted some factual allegations against him, conceded removability and requested asylum. The IJ found that the application was untimely under 8 U.S.C. § 1158(a)(2)(B). The IJ also found, in the alternative, that petitioner had

---

[1] Fadia Sadek also seeks asylum. The basis of her claim is that she married Onsy Zakhary in Massachusetts in 2001. Because her claim is derivative, our affirmance of the BIA's denial of Zakhary's claim necessarily affirms the denial of her claim.

filed a frivolous asylum application after receiving warnings about filing such an application. Further, the IJ found that the petitioner had been firmly resettled in Italy before entering the United States. Accordingly, he was ordered removed to Italy, or in the alternative, to Egypt.

Some confusion exists as to whether petitioner will be allowed into Italy. Petitioner bases his claim of asylum on his assertion that he will not be accepted into Italy and will be returned to Egypt, where he claims to fear persecution. We may affirm, however, without addressing whether petitioner will be accepted into Italy because, even assuming arguendo he were returned to Egypt, his claim for asylum fails. That is because we conclude that petitioner was firmly resettled in Italy and so ineligible for asylum. The finding of firm resettlement precludes asylum relief whether or not petitioner will have difficulty returning to Italy. See Salazar v. Ashcroft, 359 F.3d 45, 51 (1st Cir. 2004).

Petitioner's appeal to the BIA claims that he had established extraordinary circumstances to excuse his untimely application and that he had a valid asylum claim. The BIA affirmed the application's denial for the reasons contained in the IJ's oral

decision but reversed the finding that the petition was frivolous. This appeal followed.[2]

## II.

Petitioner bears the burden of demonstrating his eligibility for asylum. He must meet that burden by showing past persecution or fear of future persecution. "Determinations of eligibility for asylum or withholding of deportation are reviewed under the substantial evidence standard." Fesseha v. Ashcroft, 333 F.3d 13, 18 (1st Cir. 2003); Albathani v. INS, 318 F.3d 365, 373 (1st Cir. 2003). The agency decision is upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." Fesseha, 333 F.3d at 18 (quoting INS v. Elías-Zacarias, 502 U.S. 478, 481 (1992)). "This standard is a deferential one: the petitioner must demonstrate that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. (internal quotations and citation omitted). Applicants must provide conclusive evidence that they were targeted or fear becoming targets for persecution. Id. To show fear of future persecution, applicants must meet both subjective and objective prongs. Id. The asylum applicant's fear must be genuine and objectively reasonable. To satisfy the objective prong, an applicant's

---

[2] Petitioner argued in his brief that the IJ's finding that his application was untimely should be reversed. Because we affirm on the merits, we need not address this procedural claim.

-4-

testimony alone may be sufficient, but it must constitute credible, direct and specific evidence of a reasonable fear of persecution. El Moraghy v. Ashcroft, 331 F.3d 195, 203 (1st Cir. 2003).

Petitioner is an Egyptian Coptic Christian. He testified to the following facts. While growing up in Egypt, he was a practicing Christian. His first alleged experience of persecution was in 1960 while he attended an academy for electronic studies. He alleges that he was subject to harassment, including insults and the burning of his books. The administrators threatened to fail him, and he left the academy.

Petitioner returned home from the academy and remained there for two years. He worked in a variety of jobs and then enlisted to perform his mandatory service in the Egyptian army, where the petitioner faced what he alleges to be the second instance of persecution. The alleged persecution involved a commander who, according to petitioner, ordered him to attend lectures about Islam, knowing he was a Christian. At the lecture, a cleric took him aside and spoke to him about conversion to Islam. After he refused to convert, the cleric reported this to petitioner's commander. Petitioner alleges that his off-base privileges were revoked. He was thereafter confined for about twenty days in what he alleges were harsh conditions. Petitioner said that after his release from confinement he went to his brother Yousry Zakhary's house. Petitioner never returned to the army. He

worked in his brother's store until he left for Lebanon in February 1975.

Petitioner eventually settled in Italy, where he stayed from 1977 until his departure for the United States in 1998. During that time, petitioner had a valid Italian work permit and operated a dry-cleaning business. Petitioner and Fadia Sadek had two daughters while they lived in Italy. Petitioner visited the United States fifteen times during the time he lived in Italy and never applied for asylum.

The government argues that petitioner is ineligible for asylum in the United States because he had "firmly resettled" in Italy. Under the regulatory scheme, 8 C.F.R. §§ 208.13 and 208.15, an IJ may not grant asylum to any applicant who "has been firmly resettled within the meaning of § 208.15." 8 C.F.R. § 208.13(c)(2)(i)(B); see also Yang v. INS, 79 F.3d 932, 939 (9th Cir. 1996)(holding that resettlement in a third country normally precludes asylum). The definition of "firm resettlement" states that:

> An alien is considered to be firmly resettled if, prior to arrival in the United States, he or she entered into another country with, or while in that country received, an offer of permanent resident status, citizenship, or some other type of permanent resettlement unless he or she establishes:
>
> (a) That his or her entry into that country was a necessary consequence of his or her flight from persecution, that he or she remained in that nation only as long as was necessary to arrange

-6-

> onward travel, and that he or she did not establish significant ties in that country; or
>
> (b) That the conditions of his or her residence in that country were so substantially and consciously restricted by the authority of the country of refuge that he or she was not in fact resettled.

8 C.F.R. § 208.15.

There is substantial evidence that petitioner was firmly resettled in Italy. Courts have consistently upheld BIA decisions in which asylum was denied because the applicants were found to have firmly resettled. See Salazar v. Ashcroft, 359 F.3d 45, 51 (1st Cir. 2004); see also Mussie v. INS, 172 F.3d 329, 332 (4th Cir. 1999); Cheo v. INS, 162 F.3d 1227, 1229-30 (9th Cir. 1998)(firm resettlement in Malaysia after Cambodian nationals lived there for three years). Petitioner lived in Italy for more than two decades, operated a business, lived with Fadia Sadek, had two daughters with her, and by his own admission, did not want to leave because he was happy in Italy. There are no indicia that petitioner was still "in flight" in Italy or that Italy, as country of refuge, restricted him in any way. Therefore, we affirm the denial of asylum.

If a petitioner is unable to satisfy the less stringent standard for asylum, he is a fortiori unable to satisfy the test for withholding of removal. Albathani, 318 F.3d at 372. Since petitioner has not met the standard for well-founded fear of

-7-

persecution, he cannot meet the standard for withholding of removal. The IJ's decision as to withholding is affirmed.

Petitioner makes a final argument, based on his belief that if he is returned to Italy he will be subsequently deported to Egypt, where he alleges he will be tortured. Under Article III of the Convention Against Torture, petitioner must demonstrate that it is more likely than not that he will be tortured if removed to Egypt in order to obtain relief. 8 C.F.R. § 208.16(c)(2). Petitioner produced only his own testimony that he was tortured in the past, which the IJ did not find credible. Petitioner presented no documentary evidence to substantiate his allegations of torture in Egypt. Further, his accounts were contradicted by a witness who saw petitioner frequently during the time he alleges he was tortured. We see no reason to disturb the IJ's findings as to the Torture Convention claims and the BIA's affirmance thereof.

**III.**

For the reasons stated above, the BIA's order is affirmed.

**Affirmed**.